IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY PATRICK WILLIAMS**                                                              **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 1:23-cv-135-TBM-RPM**

**KATIE W. SHIREMAN**
*and* **AUSTIN BARNETT**                                                              **RESPONDENTS**

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Jerry Patrick Williams's ("Williams") petition for habeas relief under 28 U.S.C. § 2241 was filed on June 5, 2023, while he was incarcerated in the Jackson County Adult Detention Center.[1] [2] at pg. 2. Williams is proceeding *in forma pauperis*. [8]. On February 26, 2024, the Magistrate Judge entered an Order [13] directing Williams to provide specific information regarding his habeas petition. [13], pp. 1–2. Williams was warned that failure to fully comply with that Order [13] could lead to the dismissal of this civil action. *Id*. at 2. The envelope containing that Order [13] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and with a stamped notation stating, "Return to Sender, No Longer At This Facility, Unable to Forward." Mail Returned [14] at 1. Williams did not comply.

On March 18, 2024, the Magistrate Judge entered an Order to Show Cause [15] directing Williams to show cause, on or before April 2, 2024, as to why the action should not be dismissed for failure to fully comply with the Court's Order. [15], pp. 1–2. Williams was warned that "failure

---

[1] The Order [1] entered on June 5, 2023, severed Williams's habeas claims from his Section 1983 claims filed in *Williams v. Barnett*, Civil no. 1:23-cv-104-LG-BWR (S.D. Miss.), and directed that Williams Section 2241 habeas claims be filed as a separate civil action.

to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice and without further notice to the Plaintiff." *Id*. at 2. The envelope containing the Order to Show Cause [15] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [18], pg. 1. Williams did not respond to the Order to Show Cause [15] or otherwise contact the Court about this case.

The Court provided Williams with an additional opportunity to comply with the prior Orders [13], [15]. On April 8, 2024, the Magistrate Judge entered a Second and Final Order to Show Cause [16] directing Williams to respond on or before April 23, 2024, and (1) explain why the Court should not dismiss this civil action; and (2) to comply with the previous Orders [13], [15] by filing the required response. [16], pp. 1–2. The Order warned Williams that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this cause being dismissed without prejudice and without further notice to Petitioner." *Id*. (emphasis in original). Williams was also warned that "[t]his is Petitioner's **final opportunity** to comply with the Orders [13] [15] of the Court." *Id*. (emphasis in original). This Order was mailed to the Jackson County Adult Detention Center in Pascagoula, Mississippi, which was Williams's last known address of record. The envelope [17] containing the Second and Final Order to Show Cause [16] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and with a stamped notation stating, "Return to Sender, No Longer At This Facility, Unable to Forward." [17], pg. 1. Williams did not respond to the Second and Final Order to Show Cause [16] or otherwise contact the Court about his case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. The authority to dismiss for failure to prosecute extends to habeas petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming dismissal of pro se petitioner's habeas petition under Rule 41 (b) when the petitioner did not comply with a court order).

Williams did not comply with the Court's Orders, and he was repeatedly warned that failure to do so would result in the dismissal of his case. [16], pg. 2; [15], pg. 2; [13], pg. 2; [10], pg. 2; [9], pg. 2; [5], pg. 2; [2-2], pg. 1. Williams has not provided the Court with a current address, he has not complied with three Court Orders [13], [15], [16], nor has he otherwise contacted the Court since November 3, 2023. Such inaction represents a clear record of delay or contumacious conduct by Williams. And the Court's continuous efforts to prompt "diligent prosecution" in this action have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 7th day of June, 2024.

                                        TAYLOR B. McNEEL
                                      UNITED STATES DISTRICT JUDGE